

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 1:08-CR-22 |
| § | |
| JIMMY LEE EUGLON § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Jimmy Lee Euglon, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #27) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on March 19, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of

Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 21, 2008, the Honorable Marcia A. Crone of the Eastern District of Texas sentenced Jimmy Lee Euglon after he pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The Court sentenced the defendant to 37 months imprisonment, followed with three years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a requirement that he earn a General Equivalency Diploma. On September 29, 2010, Jimmy Lee Euglon completed his period of imprisonment and began service of the supervision term. On June 17, 2011, the Court modified Mr. Euglon's to include 120 days halfway house placement.

### B. Allegations in Petition

The United States alleges that the defendant violated the following special condition of supervised release:

*The defendant shall participate in a program of testing for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.*

Mr. Euglon failed to submit urine specimens on March 19, 2011; April 16, 2011; and May 12, 2011.

### C. Evidence presented at Hearing

At the hearing, the Government would proffer the testimony of United States Probation Officer Carl Tucker. Tucker would state that he was Mr. Euglon's supervising officer during the relevant time period. He would also testify that on March 19, 2011, April 16, 2011, and May 12, 2011, Euglon missed his mandatory urinanalysis testing appointments as directed.

Defendant, Jimmy Euglon, offered a plea of true to the above-stated allegation in the petition. Specifically, Euglon agreed with the evidence presented and pled true to the allegation that he failed to submit to mandatory drug testing on the dates alleged in violation of his supervision conditions in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by failing to submit urine specimens as directed.

If the Court finds that Euglon violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the defendant's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by failing to submit to drug testing as directed. The defendant knowingly and voluntarily pled true.

At the revocation hearing, the parties reached an agreement on the length of the sentence - 13 months imprisonment - but disputed whether the sentence should run concurrently or

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

consecutively to the state sentence Mr. Euglon is currently serving. After considering the circumstances of the case and the arguments and evidence presented, the Court finds that Defendant violated his conditions of supervised release and a term of imprisonment should be imposed for the revocation. For purposes of the revocation matter before the undersigned, U.S.S.G. § 7B1.3(f) suggests that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." The Fifth Circuit has noted the consecutive sentence preference under the Guidelines. *See United States v. Perez-Rodriguez*, No. 11-50149, 2011 U.S. App. LEXIS 19721, 2011 WL 4448746 at *2 (5th Cir. Sept. 27, 2011), *cert. denied* 181 L. Ed. 2d 1006 (2012) (citing 18 U.S.C. § 3584; *United States v. Gonzalez*, 250 F.3d 923, 929 n.8; U.S.S.G. § 7B1.3(f) and comment (n.4); *United States v. Ramirez*, No. 06-11323, 264 F. App'x 454, 458-59 (5th Cir. Feb. 4, 2008)). Based on this authority, at this time the Court concludes that the revocation sentence should run consecutively.

Therefore, based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. Considering the totality of the circumstances and evidence in this case, the undersigned magistrate judge further recommends that the District Court order Defendant, Jimmy Lee Euglon, to serve a term of **thirteen (13) months imprisonment** in this cause, with credit for time served and no further term of supervision to follow in this case. The Court would further recommend that this term of imprisonment be imposed to run **consecutively** to the term of confinement that Mr. Euglon is currently serving in the Texas Department of Criminal Justice,

Institutional Division, for his conviction in cause number 11-12095, adjudicated in the Criminal District Court of Jefferson County, Texas. The Court finally recommends that the defendant be placed in the Federal Correctional Complex (FCC) in Beaumont, Texas, to serve his federal sentence.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 25th day of March, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE